263 F.2d 331
 UNITED STATES of America, Petitioner-Plaintiff-Appellee,
v.
Eva KOOPERMAN et al., Defendants-Appellants.
In re 329.05 ACRES OF LAND, MORE OR LESS, SITUATE IN TOWN OF
NEWBURGH, COUNTY OF ORANGE, State of NEW YORK.
 No. 120, Docket 24985.
 United States Court of Appeals Second Circuit.
 Argued Jan. 9, 1959.
Decided Feb. 3, 1959.
 
 Joseph Kooperman, Kooperman & Kooperman, Ellenville, N.Y., for defendants-appellants.
 Walter B. Ash, Atty., Dept. of Justice, Washington, D.C. (Perry W. Morton, Asst. Atty. Gen., Harry T. Dolan, Sp. Asst. to Atty. Gen., and Roger P. Marquis, Atty., Dept. of Justice, Washington, D.C., on the brief), for petitioner-plaintiff-appellee.
 Before CLARK, Chief Judge, MOORE, Circuit Judge, and GIBSON, District judge.
 PER CURIAM.
 
 
 1
 This is an appeal by the defendants Kooperman, from a judgment rendered in the above-entitled condemnation case in which the Trial Court awarded the defendants the sum of $9,467 compensation.
 
 
 2
 The Government condemned land in Newburgh, New York, for ammunition storage; for an access road to the vaults; and for safety easement around the vaults. Twelve acres of the Appellants' land were taken in fee; 46.74 acres were encumbered by safety easements; and 6.96 acres were encumbered by access road easement. No part of Appellants' land that was taken was to be used for the actual ammunition storage. The land of the defendants was taken for a buffer and safety zone in much of which only a safety easement was taken. The actual ammunition storage was to be had on land lying northerly of the Appellants' land. The reading of the record indicates that this was marginal farm land, much of it swampy.
 
 
 3
 Appellants claim the highest and best use of the condemned land of the defendants was for real estate development. Appellants also claim severance damage.
 
 
 4
 The Trial Court found the highest and best use of the condemned land of the Appellants to be for limited agricultural purposes. There is ample evidence to support this finding by the Trial Judge. To say the least, he was not clearly erroneous.
 
 
 5
 Since the doctrine of severance damage does not include damage to one owner which may result or flow from the use to which the Government may put other lands in the same project, Boyd v. The United States of America, 8 Cir.,222 F.2d 493, 494, the Trial Court was clearly right in denying Appellants severance damage.
 
 
 6
 Affirmed.